

FILED
CLERK, U.S. DISTRICT COURT
FEB 27 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC ACQUISITIONS, INC., <br> Plaintiff, <br> v. <br> DEBORAH LAMB, et al., <br> Defendants. | NO. CV 14-953-UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |

The Court will summarily remand this unlawful detainer action to state court because it was improperly removed from the state court by defendant Deborah Lamb ("Defendant").

Specifically, on February 7, 2014, Defendant, having been sued in a routine unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. Further, the Court also issues this separate order remanding the action to the state court to prevent the action from remaining in jurisdictional limbo. Remand is necessary because Plaintiff could not have brought this action in federal court in the first place, and

Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, Defendant's removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint recites that the amount in controversy does not exceed $10,000. Plaintiff's unlawful detainer action also fails to raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

The Court also takes judicial notice of Strategic Acquisitions, Inc. v. Deborah Lamb, et al., Case No. 13-8423-UA-DUTYx ("Lamb I"), which was removed to this district on November 14, 2013, and Strategic Acquisitions, Inc. v. Deborah Lamb, et al., Case No. 14-457-UA-DUTYx ("Lamb II"), which was removed to this district on January 21, 2014. See Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

In Lamb I, Defendant lodged a similar notice of removal based on the same property and the same unlawful detainer complaint filed in Los Angeles County Superior Court. Compare Lamb I, Dkt. No. 1-1 at 5-8 with Notice, Attached. On December 4, 2013, the Court remanded the action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. Lamb I, Dkt. No. 3. In Lamb II, Defendant lodged a similar notice of removal based on the same property and the same unlawful detainer complaint filed in Los Angeles County Superior Court. Compare Lamb II, Dkt. No. 1-1 at 4-7 with Notice, Attached. On February 4, 2014, the Court remanded the action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. Lamb II, Dkt. No. 3.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 111 North Hill Street, Los Angeles, CA 90012 for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

DATED: 2/25/14

_____
GEORGE H. KING
United States District Judge